UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDI MARIE LARREA<br><br>Defendant. | Case No. 1:14-cr-00202-BLW<br><br>**REPORT AND<br>RECOMMENDATION** |

On March 26, 2015, Defendant Brandi Marie Larrea appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 19). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant has been compliant with all aspects of pretrial supervision. Specifically, she has been actively involved in a substance abuse treatment program, abstained from drugs and alcohol (as verified by urinalysis), sought and maintained employment, and taken the initiative to work toward a GED. Defendant has been cooperative with her supervising probation officer and consistently seeks suggestions for ongoing improvement. In addition, Defendant is the single mother of three children.

The Court finds these circumstances constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would interfere with not only Defendant's ongoing substance abuse treatment program, but also her parental responsibilities, employment, and efforts toward earning a GED. The Court finds the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

# RECOMMENDATION

## NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Brandi Marie Larrea's plea of guilty to Count Three of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 19);

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One, Two, Four, and Five of the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release subject to all conditions imposed in the Court's Order Setting Conditions of Release (Dkt. 13).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 26, 2015

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE